**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ALEXANDER WHITTINGTON, JR.          :
                                    :
v.                                  :   Civil No. WMN-05-2783
                                    :
CITY OF CRISFIELD, <u>et al.</u>    :
                                    :
                                    :
                                    :

**<u>MEMORANDUM</u>**

Before the Court is the motion of Defendants, City of Crisfield and Clarence Bell, to dismiss the amended complaint, or in the alternative, for summary judgment.  Paper No. 8. Plaintiff, Alexander Whittington, Jr., has opposed the motion and Defendants have replied.  Upon a review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Defendants' motion will be granted.

**I.  <u>FACTUAL AND PROCEDURAL BACKGROUND</u>**

Plaintiff was employed as a police officer by the City of Crisfield from October 2001 to his termination on May 7, 2004. Compl. ¶ 7.  Clarence Bell, the Chief of Police, was Plaintiff's boss.  Plaintiff alleges that he was wrongfully terminated for writing a letter to the Attorney General concerning alleged acts of misconduct by Chief Bell and the police department.  Compl. ¶ 20.  Plaintiff's May 7, 2004, termination letter stated that he

was terminated for failing to comply with a request from Chief
Bell to provide the department with doctor's notice pertaining to
his "restricted duty" status and whether his restricted duty
status would exceed May 1, 2004.  Opp'n Ex. E.  In November 2003,
Plaintiff suffered a knee-injury and was placed on restricted
duty.  Compl. ¶¶ 10-11.

Plaintiff appealed his termination and received hearings
before the City Manager and the City Council.  Calvin B. Dize
Aff. ¶¶ 4-5.[1]  Both appeals were denied.  Id.  Plaintiff filed
suit in this Court on October 11, 2005, alleging twelve different
counts: state law claims for breach of employment contract and
wrongful discharge; corresponding vicarious liability claims for
the previous two torts; free speech and procedural and
substantive due process claims under both the United States
Constitution and the Maryland Declaration of Rights; deprivation
of Constitutional rights under 42 U.S.C. § 1983; and violation of
The Americans with Disabilities Act (ADA), under 42 U.S.C. §
12111.[2]  On October 24, 2005, Defendants filed the motion
presently before the Court.

---

[1] Dize served as the City Manager for the City of Crisfield.
Dize Aff. ¶ 2.

[2] Plaintiff has decided to no longer pursue his ADA claim.
Plaintiff recognized that he failed to file suit within ninety
days of the issuance of his "Right to Sue" letter by the Equal
Employment Opportunity Commission.  Mem. Ex. C.  The claim will
thus be dismissed.

## II. STANDARD OF LAW

A court considers only the pleadings when deciding a motion to dismiss.  If matters outside the pleadings are presented and not excluded, the motion must be considered under the summary judgment standard of Fed. R. Civ. P. 56.  See <u>Villeda v. Prince George's County, MD., et al.</u>, 219 F. Supp. 2d 696, 698 (D. Md. 2002).  In this case, the parties have submitted matters outside the pleadings and the Court has considered these matters. Defendants' motion shall be considered a motion for summary judgment and decided accordingly.

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  For purposes of summary judgment, a dispute about a fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if, when applied to the substantive law, it affects the outcome of litigation.  <u>Id.</u>

A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying the portions of the opposing party's cause of action which it believes demonstrates the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317,

323 (1986).   If the movant demonstrates there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law, the non-moving party must, in order to withstand the motion for summary judgment, produce sufficient evidence which demonstrates that a triable issue of fact exists for trial. Id. at 324.   The non-moving party is entitled to have "all reasonable inferences . . . drawn in its respective favor." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1129 (4th Cir. 1987).

## III. DISCUSSION

### A.  Breach of Employment Contract Claim

Plaintiff argues that the City of Crisfield's "Personnel Policies and Procedures" manual (City Policies) constituted an employment contract, under which Plaintiff could only be terminated for cause.  Opp'n 10.  Plaintiff reasons that sections 15 and 17 of the manual illustrate the drafters' intent to limit the government's power.  Id. 11.  Section 15 subjects "each employee newly appointed, promoted or transferred" to a ninety day probationary period and states that during the probationary period an employee can be removed "for any reason not in violation of the City's Equal Employment/Affirmative Action Statement."  Upon completion of the probationary period an employee may "be terminated for any reason set forth in Section 17."  Section 17 sets forth fifteen actions for which the City

has discretion to pursue disciplinary action against an employee. The section also provides a list of possible disciplinary actions including termination.  This section ends with the following sentence: "[t]his policy shall be implemented at the City's discretion, and is set forth only as a guideline; it may be waived or varied, at the City's discretion."

"In Maryland, an employment contract of indefinite duration is considered employment 'at will' which, with few exceptions, may be terminated without cause by either party at any time." Castiglione v. Johns Hopkins Hosp., 69 Md. App. 325, 338 (1986). One exception to the employment at will doctrine is that an "employee handbook may, in some circumstances, become a unilateral contract." Elliott v. Bd. of Trustees of Montgomery County Cmty. Coll., 104 Md. App. 93, 100 (1995).[3] A disclaimer in the employee handbook may provide an exception to the above exception.  In Castiglione, the court found that the disclaimer language in the employee handbook "expressly negated, in a clear and conspicuous manner, any contract based upon the handbook for

_____

[3] In Staggs v. Blue Cross of Md., 61 Md. App. 381 (1985), cert. denied, 303 Md. 295 (1985), the Court of Special Appeals of Maryland adopted the Supreme Court of Michigan's decision in Toussaint v. Blue Cross & Blue Shield of Mich., 292 N.W.2d 880 (Mich. 1980).  The Toussaint court stated, "[e]mployers are most assuredly free to enter into employment contracts terminable at will without assigning cause. We hold only that an employer's express agreement to terminate only for cause, or statements of company policy and procedure to that effect, can give rise to rights enforceable in contract."

a definite term and reserved the right to discharge its employees
at any time.  The provisions for review, when viewed in the
larger context, were but 'general policy statements' not
amounting to an offer of employment for a definite term or
requiring cause for dismissal."  69 Md. App. at 339-40.

In the present case, assuming that some language of the City
Policies might imply that employees can only be terminated for
cause, the presence of a disclaimer prevents the manual from
becoming a unilateral contract and the breach claim fails.

B.  Free Speech Claim

The general rule in Maryland that an at will employment
contract can be legally terminated by either party for any reason
is inapplicable "if the decision to terminate the public
employment was made because of the employee's exercise of
constitutionally protected first amendment rights."  De Bleecker
v. Montgomery County, 292 Md. 498, 506 (1982) (citing Perry v.
Sinderman, 408 U.S. 593 (1972)).

"The determination whether a public employer has properly
discharged an employee for engaging in speech requires 'a balance
between the interest of the [employee], as a citizen, in
commenting upon matters of public concerns and the interest of
the State, as an employer, in promoting the efficiency of the
public services it performs through its employees.'"  Rankin v.
McPherson, 483 U.S. 378, 384 (1987) (citing Pickering v. Board of

Education, 391 U.S. 563, 568 (1968)).  "The threshold question in applying this balancing test is whether [the employee's] speech may be 'fairly characterized as constituting speech on a matter of public concern.'"  Id. (citing Connick v. Myers, 461 U.S. 138, 146 n.7 (1983)).  Speech on a matter of public concern consists of "employee expression [that can be] fairly considered as relating to any matter of political, social, or other concern to the community."  Connick, 461 U.S. at 146.  "'Personal grievances, complaints about conditions of employment, or expressions about other matters of personal interest' fall outside the First Amendment because they are not matters of public concern."  Love-Lane v. Martin, 355 F.3d 766, 776 (4th Cir. 2004) (citing Stroman v. Colleton County Sch. Dist., 981 F.2d 152, 155-56 (4th Cir. 1992)).  The pertinent inquiry is whether the actor is speaking as a citizen or an employee. Connick, 461 U.S. at 147.

According to Plaintiff, on February 17, 2004, he "wrote a letter to the United States Attorney General's Office stating that 'I have some information that our leaders are trying to hide from the U.S. Government, and the citizens of the City of Crisfield, Md.' [I] requested the federal government to investigate the acts of misconduct committed by Chief Bell and the police department."  Compl. ¶ 20.  Plaintiff alleges that Chief Bell "was engaging in acts of misappropriation of federal

7

funds and abuse of office." <u>Id.</u> ¶ 15.[4]  Plaintiff claims that
these matters are of substantial public concern.  <u>Id.</u> ¶ 42.
Defendant does not argue that the instances about which Plaintiff
allegedly spoke were not of public concern.

In order to properly raise a free speech claim, however,
Plaintiff would have to also show that the speech was the
motivating factor in his termination.  "[T]he Supreme Court set
out the test for determining whether a public employee had been
properly discharged from his position notwithstanding the fact
that his speech was constitutionally protected" in <u>Mt. Healthy
City Board of Ed. v. Doyle</u>, 429 U.S. 274 (1977).  <u>De Bleecker</u>,
292 Md. at 508-09.  Under the Court's test, "the employee has the
burden to show that the protected conduct was a substantial or
motivating factor in his removal." <u>Id.</u> at 509.  Plaintiff claims
that his "request for the federal government to conduct an
investigation on Defendants for acts of financial misconduct and
abuse of office" was a "substantial and motivating factor in
Defendants' conduct towards [Plaintiff]".  Compl. ¶ 42.
Defendants argue that the First Amendment claim should be
dismissed because "Plaintiff does not contend Defendants were

---

[4] Defendant allegedly learned this information through
viewing purchase orders made by the police department, which he
was ordered to shred.  Compl. ¶ 15.  Defendant claims that
because the person he received the order from did not have the
authority to order him to shred documents, he placed them in the
department property room, and Chief Bell later removed the
documents.  <u>Id.</u> ¶¶ 13-16.

aware of his complaints" and, in fact, Chief Bell and Calvin
Dize, the City Manager for Crisfield, were unaware of Plaintiff's
complaint.  Mem. 5.

An employee must point to "specific, nonconclusory
allegations' reasonably linking [his] speech to employer
discipline."  Wright v. Illinois Dep't of Children & Family
Servs., 40 F.3d 1492, 1500 (7th Cir. 1994).  "When opposing a
motion for summary judgment, the nonmoving party may not rely on
the mere fact that an adverse employment action followed speech
that the employer would have liked to prevent.  Rather the
employer must link the speech in question to the defendant's
decision to dismiss [him]."  Bailey v. Floyd County Bd. of Educ.,
106 F.3d 135, 145 (6th Cir. 1997) (internal citations omitted).
No where in the Complaint or his opposition does Plaintiff allege
that Defendants knew of his alleged letter to the Attorney
General.  In the opposition Plaintiff argues that his speech was
a motivating factor because Defendant allegedly knew about the
shredding of documents and Plaintiff allegedly warned Defendants
that "he would report his findings to higher authorities if
Defendant [did] not give an explanation or correct the problem."
Opp'n 16-17.  By failing to claim that Defendants knew about
Plaintiff's letter, however, Plaintiff fails to link his speech
to Bell's decision to terminate him, and, as such, his argument
that his speech was the motivating factor behind his termination
must fail.

## C.  Wrongful Discharge Claim

In Count II, Plaintiff claims that he was wrongfully discharged.  To establish a claim for wrongful discharge Plaintiff must show "(1) that [he] was discharged; (2) that the dismissal violated some clear mandate of public policy; and (3) that there is a nexus between the defendant and the decision to fire the employee."  Sears, Roebuck & Co. v. Wholey, 779 A.2d 408, 412 (Md. Ct. Spec. App. 2001).  Plaintiff claims that he was "intentionally, maliciously and/or wrongly terminated . . . because [he] exercised his state right of freedom of speech" and this action "violated the public policy for the State of Maryland."  Compl. ¶ 53.  Thus, the wrongful discharge claim is predicated on Plaintiff's free speech claim, and because the free speech claim fails, the wrongful discharge claim fails.  Because the wrongful discharge claim against Bell fails, Plaintiff's claim that the City of Crisfield is vicariously liable for the wrongful discharge by Chief Bell (Count XII) also must fail.

## D.  Procedural Due Process Claim

Plaintiff contends that he "possessed occupational liberty interests in his position with Defendants."  Compl. ¶ 9.  "The government impairs an employee's occupational liberty interest, if, in the course of discharging him, it injures the employee's good name, reputation, honor or integrity, or imposes a stigma that effectively forecloses the employee's future employment opportunities.  To state a claim for deprivation of occupational

liberty, [Plaintiff] must allege that: he was discharged, he was stigmatized by Defendants, Defendants publicly disclosed the stigmatizing information incident to the discharge and he suffered a tangible loss of employment opportunities as a result." <u>Newton v. Chicago Sch. Reform Bd. of Trustees</u>, 1997 U.S. Dist. LEXIS 14838, *17-18 (D. Ill. 1997) (internal citations and quotations omitted).  Plaintiff does not allege the elements of this claim and, as such, the claim must fail.

Plaintiff also contends that he had a property interest in his employment.  Compl. ¶¶ 34, 41.  Whether or not an employee can claim a property interest in their employment is determined by reference to state law.  <u>See Bishop v. Wood</u>, 426 U.S. 341, 344-45 (1976).  "Maryland state law establishes as a general rule that state and local government employees are employed at will and have no property interest in their employment." <u>Bowers v. Town of Smithsburg</u>, 990 F. Supp. 396, 398 (D. Md. 1997).  In exception to this general rule, "[a] property interest exists when one has a legitimate claim of entitlement to a right arising from . . . state statutes, local ordinances, and employment contracts." <u>Bunting v. City of Columbia</u>, 639 F.2d 1090, 1093 (4th Cir. 1981).  A protected property interest is established by "a contract which provides for continued employment, and which can be terminated only for good cause." <u>Royster v. Board of Trustees</u>, 774 F.2d 618, 620-21 (4th Cir. 1985).  As previously noted, Plaintiff's argument that pursuant to the City Policies he

could only be terminated for cause fails.

Public employees who can be discharged only for cause have a constitutionally protected property interest in their employment and cannot be fired without due process.  Gilbert v. Homar, 520 U.S. 924, 928-29, (1997).  Because Plaintiff has no such interest his due process claim must fail.

E.  Substantive Due Process Claim

"To succeed with a claim based on substantive due process in the public employment context, the plaintiff must show two things: (1) that he had a property interest/right in his employment, and (2) that the public employer's termination of that interest was arbitrary or capricious."  Harrington v. Harris, 118 F.3d 359, 368 (5th Cir. 1997) (citing Moulton v. City of Beaumont, 991 F.2d 227, 230 (5th Cir. 1993)).

Plaintiff bases his substantive due process claims on the same alleged property interest that he asserted in support of his procedural due process claim.  Opp'n 21.  The claim fails for two reasons.  First, as previously discussed, section 17 of the City Policies contains a disclaimer and does not require that Plaintiff be terminated only for cause.  Thus, it does not give rise to a property interest.[5]  Second, "substantive due process

---

[5] Plaintiff focuses his substantive due process argument on his claim that his termination was arbitrary and capricious. Opp'n 21-24.  Because the Court finds that Plaintiff did not have a property interest in his employment the Court need not evaluate the alleged arbitrary and capricious nature of her termination.

rights arise solely from the Constitution." Haung v. Bd. of
Governors of U.N.C., 902 F.2d 1134, 1142 n.10 (4th Cir. 1990).  If
Plaintiff had a right to his job, it was created by state
contract law and it does not implicate substantive due process.
Lewis v. Bd. of Educ., 292 F. Supp. 2d 608, 616 (D. Md. 2003)
(dismissing substantive due process claim)); see also Demesme v.
Montgomery County Gov't, 63 F. Supp. 2d 678, 682 (D. Md. 1999)
(construing a substantive due process claim based on an alleged
deprivation of a property interest in the plaintiff's employment
as a procedural due process claim).  In Maryland Classified
Employees Ass'n v. State, the Court of Appeals of Maryland
addressed whether the plaintiffs' due process rights were
violated where they argued that they had a property interest in
their employment.  346 Md. 1, 23 (1997).  The court explained
that while a property interest in employment may be protected
under a procedural due process theory, the court had not
recognized protection under a substantive due process theory.[6]

_____

[6] The court in Maryland Classified Employees Ass'n stated:

> Neither [Bd. of Regents v. Roth, 408 U.S. 564
> (1972)] nor [Perry v. Sindermann, 408 U.S. 593
> (1972)] nor any other Supreme Court case of
> which we are aware gives a State employee a
> lifetime Constitutional right to continued State
> employment, protected by a theory of substantive
> due process. Nor have we ever found such a right
> under Article 24 of the Maryland Declaration of
> Rights.  Roth and Sindermann merely hold that,
> when the attributes attendant to public
> employment under State law are such as to give
> the employee "a legitimate claim of entitlement"

<u>Id.</u>  Thus, Plaintiff's argument that he was denied substantive due process fails.[7]

## F.  State Constitutional Claims

Plaintiff also brings a free speech claim under state law. "The freedoms protected by Article 40 of the Maryland Declaration of Rights have been interpreted by [the Court of Appeals of Maryland] to be co-extensive with the freedoms protected by the First Amendment."  <u>Jakanna Woodworks v. Montgomery County</u>, 344 Md. 584, 595 (1997) (citing <u>Freedman v. State</u>, 233 Md. 498, 505 (1964), <u>rev'd on other grounds</u>, 380 U.S. 51 (1965)).  For the same reasons that Plaintiff's free speech claim brought under the federal Constitution fails, his free speech claim brought under state law also fails.

---

> to the position, as . . . where dismissal may only be for cause, a property interest in that employment is created, and the right to procedural due process ordinarily requires the opportunity of a pre-termination hearing.

346 Md. at 23 (internal citations omitted).

[7] Plaintiff cites case law from various jurisdictions in support of the proposition that, "the government's obligation to accord substantive due process sets limits on its prerogative to dismiss its employees in that 'it forbids all dismissals which are arbitrary and capricious.'"  Opp'n 12 (quoting <u>Major v. Hampton</u>, 413 F. Supp. 66, 69-70 (D. La. 1976)).  Plaintiff has failed to cite, and the Court is not aware of any decisions in this circuit, that apply an arbitrary and capricious standard to analyzing substantive due process claims in the context of employment discrimination.  Plaintiff's reference to <u>Marks v. Chesapeake</u>, which considered whether a government's land use decision was arbitrary and capricious and thus a deprivation of property without due process, is inapposite.  883 F.2d 308, 311 (4th Cir. 1989).

In addition, Plaintiff brings procedural and substantive due process claims under Article 24 of the Maryland Declaration of Rights.  Because the Court is dismissing the federal due process claims and "because the Maryland Declaration of Rights stands in pari materia with the due process clause of the Fourteenth Amendment," the state claims will be dismissed as well.  <u>Lewis</u>, 262 F. Supp. 2d at 616 (citing <u>Robles v. Prince George's County</u>, 302 F.3d 262, 272 (4th Cir. 2002)).

G.  42 § 1983 Claim

In Count IX, Plaintiff alleges a violation of 42 U.S.C. § 1983.  Compl. ¶ 33-36.  Defendants argue that Plaintiff's § 1983 claim must fail "as an independent, free-standing cause of action" and that "it merely serves as a vehicle for redressing violations of OTHER statutes and Constitutional provisions." Opp'n 7.  The Court agrees and because none of Plaintiff's claims are viable, Count IX cannot stand alone.

**IV. CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss or, in the alternative, for summary judgment will be granted.  A separate order consistent with the reasoning of this Memorandum will follow.

                              /s/

                         William M. Nickerson
                         Senior United States District Judge

Dated: February 23, 2006

15